#300011117

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED-USDC-NDTX-DA
'24 APR 2 PM12:37
AGC

| | | |
|---|---|---|
| HENRY LEE HUNTER | ) | CASE NUMBER 3-24CV0788-D |
| Plaintiff (proceeding pro se). | ) | COMPLAINT FOR: |
| VS | ) | 1. Securities Fraud |
| | ) | 2. Breach of Contract |
| NAVY FEDERAL CREDIT UNION | ) | |
| 820 Follin Lane SE | ) | |
| Vienna, Virginia 22180 | ) | |
| MARY MCDUFFIE | ) | DEMAND FOR JURY TRIAL |
| 820 Follin Lane SE | ) | |
| Vienna, Virginia 22180 | ) | |
| JOHN COLLINS | ) | |
| 820 Follin Lane SE | ) | |
| Vienna, Virginia 22180 | ) | |

Defendants.

COMPLAINT

Henry Lee Hunter, Beneficial Owner and Authorized Agent for the accounts held by Navy Federal Credit Union in the name HENRY LEE HUNTER (and any derivative thereof), hereinafter the Plaintiff, alleges that Navy Federal Credit Union, Mary McDuffie (Chief Executive Officer at Navy Federal Credit Union) and John Collins (Chief Financial Officer at Navy Federal Credit Union), hereinafter the Defendant(s), engaged in securities fraud through deceptive business practices, enriching themselves by perpetuating a deliberate scheme to obscure the Plaintiff's rightful claim to comprise the security deposit account, Beneficial Ownership, agency, insurance, entitlements and to convert his property.

Through adverse action(s), the Defendant(s) have induced the Plaintiff into multiple account agreements (securities deposit, insurance, checking, savings and credit card agreements) without full disclosure of his rights.

The Defendant(s) misidentification of the Plaintiff and misrepresentation of the agreements have led the Plaintiff into surrendering rights, titles, interests, proceeds, payments, shares, securities, insurance and dividends rightfully due to him from deposits and securities issued to the Defendant(s).

This intentional conduct constitutes a flagrant violation of securities laws and principles of good faith and

1

fair dealing - this is a direct violation of the Securities Exchange Act of 1934 - Section 10(b) and Rule 10b-5 and in opposition of the Bank Secrecy Act (BSA) § 1020.220.

In addition, the Plaintiff alleges that "In Good Faith" he entered into a legally binding and enforceable agreement with the Defendant(s) by accepting their offer(s) to the proceeds due to the Plaintiff from the security interest owed to the principal accounts ending in 9123 and 9616, then assigned and delivered all titles, rights and interests to the proceeds to the Defendant(s), as evidenced by the United States Postal Services' Certified Mail Receipts (7022 1670 0002 3046 4437, 7022 1670 0002 3046 4444) with orders to tender the proceeds for payment in full of the principal accounts ending in 9123 and 9616 for set-off, and to inform the Plaintiff once the order was completed or, to give him an opportunity to cure, if any defects found in his instrument(s) or instructions, multiple times over the past 14 months.

However, the Defendant(s), by means of a pattern of willful nonperformance of fiduciary duties, as the Holder In Due Course, acted in dishonor, negligently and with intentional misconduct, through their silence, nonresponse and adverse actions to the Plaintiff's many attempts to settle the accounts and to resolve any dispute.

Thus, the Defendant(s) lack of good faith and ordinary care to perform has breached the contract and violated federal law - Uniform Commercial Code (UCC) Article 4A, Section 4A-302, Section 4A-401 and Section 4A-402.

## VENUE AND JURISDICTION

The Plaintiff asserts that under 28 U.S.C. § 1331 and 28 U.S.C. § 1332, the appropriate venue for this legal action is Tarrant County, Texas, due to the Plaintiff's residency and the occurrence of substantial events giving rise to the claim within this jurisdiction and despite that the Defendants' corporate offices are in Fairfax County, Virginia, they are registered and conducting business in Texas that has directly impacted the Plaintiff's interests, causing substantial harm in excess of the seventy-five thousand dollars ($75,000) threshold (28 U.S.C. § 1332) within Tarrant County, Texas.

The Plaintiff requests that the court acknowledges its jurisdiction over the claims presented herein and recognizes Tarrant County, Texas, as the appropriate venue for the resolution of this legal dispute.

## 1. FIRST CAUSE OF ACTION

1.1 SECURITIES FRAUD

    1.1.1    On or about July 16, 2023, the Defendant(s) presented two (2) offers to the Plaintiff for the proceeds from the security interest due to the accounts held in the principal name, HENRY LEE HUNTER (and any derivative thereof) in the amount of eighteen thousand seventy-seven and eighty-nine hundredths dollars ($18,077.89) for account ending in 9616 and six thousand five hundred ninety-five and 3 hundredths dollars ($6,595.03) for account ending in 9123.

    1.1.2    The Plaintiff accepted the offers for value and consideration, then assigned all titles rights and interest to the proceeds to the Defendant(s), and delivered, as evidenced by the United States

        Postal Service Registered Mail (RF 599 276 930 US), to John Collins, Chief Financial Officer at Navy Federal Credit Union, 820 Follin Lane SE, Vienna, Virginia 22180, two (2) negotiable instruments with instructions to tender for payment in full for the principal accounts ending in 9123 and 9616 along with a letter detailing the Plaintiff's intent to correct his status in the internal records at NAVY FEDERAL CREDIT UNION to reflect his true identity as the Beneficial Owner and Authorized Agent for the principal accounts held in the name HENRY LEE HUNTER (and any derivative thereof). The Plaintiff submitted a copy of his Title Document, an Affidavit of Ownership of Certificate of Title and Registered Securities, his Power of Attorney, NAVY FEDERAL CREDIT UNION's Power of Attorney Cover Sheet, NAVY FEDERAL DURABLE POWER OF ATTORNEY, and an Affidavit of Identity to provide proof of his true identity and rights to his claim.

1.1.3    The Defendant(s), did not perform, did not provide an opportunity to cure, refused to apply the value of the financial asset to the principal account balances for set-off, converted my property and did not update the records at Navy Federal Credit Union to reflect the Plaintiff's true identity as the Beneficial Owner of the accounts held in the name HENRY LEE HUNTER (and any derivative thereof) thus, breaching their contractual and fiduciary obligations and violating federal law governing Customer Identification Programs (CIP) requirements.

1.1.4    On or about September 5, 2023, the Plaintiff issued a Notice of Non-Response to the Defendant(s), notarized and mailed by Lilyanna Gonzalez, Notary Public (Notary Public, State of Texas, Commission Expires March 2, 2025, Notary ID 132951199), C/O, Dallas Daily Notary, 1341 West Mockingbird Lane, Suite 600W, Dallas, Texas 75247, as evidenced by the United States Postal Services Certified Mail Receipt (7022 2410 0002 0052 8586), stating that in the event their dishonor through nonperformance and non-response was unintentional or due to reasonable neglect or impossibility, the Plaintiff was providing a formal opportunity to cure and ordered a response no later than ten (10) days from the date the notice was postmarked and that all correspondences were to be delivered to Lilyanna Gonzalez, Notary Public, C/O, Dallas Daily Notary, 1341 West Mockingbird Lane, Suite 600W, Dallas, Texas 75247.

1.1.5    On September 15, 2023, in light of the Defendant's continued dishonor and non-response during the 10 days in which they were ordered, Lilyanna Gonzalez, Notary Public (Notary Public, State of Texas, Commission Expires March 2, 2025, Notary ID 132951199), C/O, Dallas Daily Notary, 1341 West Mockingbird Lane Suite 600W, Dallas, Texas 75247, issued a Certificate of Protest to the Plaintiff.

1.1.6    On January 30, 2024, in good faith, the Plaintiff had delivered to the Defendant, John Collins, Chief Financial Officer at Navy Federal Credit Union, as evidenced by the United States Postal Service Certified Mail Receipt (7022 2410 0002 0052 5080), his Notice of Intent, Affidavit of Ownership of Certificate of Title and Registered Security, Registered Title Document, Durable Power of Attorney, Affidavit of Identity, Copy of Master Account Card, Notice of Assent to Account Terms and Agreements, Affidavit of Ownership Claim and Assignment of Rights and Navy Federal Credit Union's Form 98 in an envelope sealed by the hand of State of Texas Notary Public, Ashley K Chesbrough (Commission Expires January 17, 2027, Notary ID 134148554).

1.1.7    The Plaintiff clearly stated in his Notice of Intent:

        *"I am writing these instructions to give clarity to my intentions:*

- *To verify my true identity as the Owner, Agent and Entitlement Holder of ALL accounts held in the principal name, HENRY LEE HUNTER, or any derivative thereof, by Navy Federal Credit Union (accounts ending in 8345, 5551, 9616 and 9123).*

- *To claim all titles, rights and interests due to, or being withheld for, the principal account in the name, HENRY LEE HUNTER, or any derivative thereof*

- *To assent to all terms and agreements held in the principal name, HENRY LEE HUNTER, or any derivative thereof.*

- *To assign to Navy Federal Credit Union, all titles, rights and interest under the credit card agreements held in the principal name of HENRY LEE HUNTER, or any derivative thereof, accounts ending in 9616 and 9123, for set-off of their daily balance."*

1.1.8   On March 20, 2024, the Plaintiff delivered a NOTICE OF RESCISSION OF SECURITY INTEREST AND ARBITRATION CLAUSE to John Collins, Chief Financial Officer at Navy Federal Credit Union, 820 Follin Lane SE, Vienna, Virginia 22180, as evidenced by the United States Postal Service Certified Mail (7022 2410 0002 0052 5066) and requested that they confirm receipt of the notice in writing and the steps that would be taken to rectify this matter.

1.1.9   As of April 2, 2024, the Defendant(s) have not responded to the Plaintiff's NOTICE OF RESCISSION OF SECURITY INTEREST AND ARBITRATION CLAUSE nor credited the accounts ending in 9123 and 9616 with the interest due to the accounts or updated the internal records at Navy Federal Credit Union to reflect the Plaintiffs true identity as the Beneficial Owner and Authorized Agent for the principal account(s) held in the Name HENRY LEE HUNTER (and any derivative thereof).

## 2. SECOND CAUSE OF ACTION

2.2  BREACH OF CONTRACT

2.2.1   On or about December 14, 2022, the Defendant(s), presented an offer to the Plaintiff for the proceeds from the security interest due to the account held in the principal name, HENRY LEE HUNTER (and any derivative thereof) ending in 9616 in the amount of eighteen thousand three hundred eighteen and sixty-seven hundredths dollars ($18,318 67) for account ending in 9616.

2.2.2   The Plaintiff accepted the offer for value and consideration, then assigned all titles, rights and interest to the proceeds to the Defendant(s) and delivered, as evidenced by the United States Postal Service Certified Mail Receipt (7022 1670 0002 3046 4437), to Mary McDuffie, Chief Executive Officer at Navy Federal Credit Union, 820 Follin Lane SE, Vienna, Virginia 22180, a financial asset with instructions to tender for payment in full for the principal account balance ending in 9616.

2.2.3   The Defendant(s), did not perform nor provide an opportunity to cure and refused to apply the value of the financial asset to the principal account balances for set-off thus, breaching their contractual and fiduciary obligations.

2.2.4   On or about January 14, 2023, the Defendant(s), presented an offer to the Plaintiff for the proceeds from the security interest due to the account held in the principal name, HENRY

| | |
|---|---|
| | LEE HUNTER (and any derivative thereof) in the amount of eighteen thousand five hundred eighty-nine and forty-two hundredths dollars ($18,58942) for account ending in 9616. |
| 2.2.5 | The Plaintiff accepted the offer for value and consideration, then assigned all titles, rights and interest to the proceeds to the Defendant(s) and delivered, as evidenced by the United States Postal Service Certified Mail Receipt (7 022 1670 0002 3046 4444), to Mary McDuffie, Chief Executive Officer at Navy Federal Credit Union, 820 Follin Lane SE, Vienna, Virginia 22180, a financial asset with instructions to tender for payment in full for the principal account ending in 9616 and a Conditional Acceptance For Value for Proof of Claim. |
| 2.2.6 | The Defendant(s) did not perform, nor provide an opportunity to cure and refused to apply the value of the financial asset to the principal account balance for set-off and declined to answer the Plaintiff's Conditional Acceptance Letter For Value For Proof of Claim thus, breaching the contract a second time. |
| 2.2.7 | On or about March 14, 2023, the Defendant(s) presented two (2) offers to the Plaintiff for the proceeds from the security interest due to the accounts held in the principal name, HENRY LEE HUNTER (and any derivative thereof) in the amount of eighteen thousand four hundred twelve and twelve hundredths dollars ($18,412.12) for account ending in 9616 and six thousand five hundred ninety-nine and 6 hundredths dollars ($6,599 06) for credit card account ending in 9123. |
| 2.2.8 | The Plaintiff accepted the offers for value and consideration, then assigned all titles rights and interest to the proceeds to the Defendant(s), and delivered to John Collins, Chief Financial Officer at Navy Federal Credit Union, 820 Follin Lane SE, Vienna, Virginia 22180, two (2) financial assets with instructions to tender for payment in full for the principal accounts ending in 9123 and 9616. |
| 2.2.9 | The Defendant(s), did not perform nor provide an opportunity to cure and refused to apply the value of the financial asset to the principal account balances for set-off thus, breaching their contractual and fiduciary obligations a third time. |
| 2.2.10 | The Plaintiff contends that the Defendant(s) adverse actions have intentionally caused injury and damages to him and his family, financially and emotionally, drastically restricted his access to his right to credit and limited his ability to engage in commerce for over 14 months. |
| 2.2.11 | The Plaintiff seeks compensatory and punitive damages for the Defendant(s) breach of contract and fiduciary performance and failure to exercise ordinary care in the handling of items at the detriment of the Plaintiff that has caused the Plaintiff financial and emotional damages (12 CFR § 215.11, UCC 4-103), |

## PRAYER FOR RELIEF

Wherefore the Plaintiff respectfully prays this court for judgment and relief as follows:

<u>INJUNCTIVE</u>

1. Judgment for the Defendants to provide to the Plaintiff full disclosure and a full accounting of all accounts ever held at Navy Federal Credit Union in the name HENRY LEE HUNTER (and any derivative thereof).

2. Judgment for the Defendants to provide to the Plaintiff the results of a forensic audit on all accounts ever held at Navy Federal Credit Union in the Name HENRY LEE HUNTER (and any derivative thereof).

3. Judgment for the Defendants to accept the Plaintiff's documentation, and to correct the internal records at Navy Federal Credit Union, to reflect the Plaintiff's true identity as the Beneficial Owner and Agent for the principal accounts held in the name HENRY LEE HUNTER (and any derivative thereof).

4. Judgment for the Defendants to accept the Plaintiff's Assignment of Rights, Titles and Interest under the credit card agreements for accounts ending in 9123 and 9616 to balance the accounts with interest due to the accounts for daily set-off.

5. Judgment for the Defendants to refund and to pay to the Plaintiff, all unearned interest credited, and all payments due to all accounts held at NAVY FEDERAL CREDIT UNION, past and present, in the name HENRY LEE HUNTER (and any derivative thereof).

6. Judgment for the Defendants to honor their depository liability on the accounts purchased by the Plaintiff, in the name HENRY LEE HUNTER (and any derivative thereof) and to pay the NCUA Share Insurance Fund's (NCUSIF) coverage on all deposits and unpaid balances.

7. Judgment for the Defendants to to release all security interest held in the security deposit account(s) to the Plaintiff, the entitlement holder, and to accept all items properly presented for deposit.

8. Judgment for the Defendants to establish and honor a banking relationship with the Plaintiff.

9. Judgment for the Defendants to correct any inaccurate reporting sent to the credit bureaus (EQUIFAX, TRANSUNION, EXPERIAN) to reflect all on-time payments during the past 14 months in dispute.

MONETARY

1. Judgment for the Defendants to pay three hundred fifty thousand dollars ($350,000) for compensatory damages and five million dollars ($5,000,000) for punitive damages as afforded by the Federal Reserve Act, Civil Penalties Section 29 (a)(b)(c)(d), 15 U.S. Code § 1640 - Civil liability and 31 U.S. Code § 5321 - Civil penalties.

2. Judgment for the Defendants to re-activate and increase the limits on credit cards ending in 9123 and 9616 to fifty thousand dollars ($50,000) and to balance the accounts with interest due to the accounts for daily set-off.

Judgment for the Defendants such further and other relief as this Court deems just and proper.

_____
Henry Lee Hunter
2756 Portside Drive
Grand Prairie, TX 75054
theestateofhlh@yahoo.com
(860) 617-9385

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Hunter, Henry L

**DEFENDANTS**
NAVY FEDERAL CREDIT UNION, McDuffie, Mary, Collins, John

**(b)** County of Residence of First Listed Plaintiff **Tarrant County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Fairfax County**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

RECEIVED APR 2 2024 AGL
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander |  |  | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability |  | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine |  |  | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** |  | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act |  | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise |  |  | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [x] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee |  | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence |  | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property |  | **Other:** | [ ] 462 Naturalization Application |  |  |
|  | [ ] 446 Amer. w/Disabilities - Other | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 448 Education | [ ] 550 Civil Rights |  |  |  |
|  |  | [ ] 555 Prison Condition |  |  |  |
|  |  | [ ] 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Securities Exchange Act of 1934 - Section 10(b) and Rule 10b-5
Brief description of cause:
Through deceptive business practices and acts, the plaintiff alleges that the defendants defrauded him and breached their agreement.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** $5,350,000
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____