IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HENRY LEE HUNTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:24-CV-0788-D |
| | § | |
| NAVY FEDERAL CREDIT UNION, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

*Pro se* plaintiff Henry Lee Hunter ("Hunter") sues defendant Navy Federal Credit Union ("NFCU") for breach of contract. NFCU moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. For the reasons that follow, the court denies the motion.

I

The relevant background facts of this case are largely set out in two prior memorandum opinions and orders and need not be repeated at length for purposes of deciding NFCU's motion to dismiss.[1] After the court granted NFCU's motion to dismiss Hunter's first amended complaint, Hunter, with the court's permission, filed a second amended complaint asserting a common-law breach of contract claim against NFCU. The second amended complaint is Hunter's operative pleading. NFCU now moves to dismiss

---

[1] *Hunter v. Navy Fed. Credit Union*, 2024 WL 3094610, at *1-2 (N.D. Tex. June 20, 2024) (Fitzwater, J.); *Hunter v. Navy Fed. Credit Union*, 2024 WL 4244543, at *1-2 (N.D. Tex. Sept. 19, 2024) (Fitzwater, J.).

under Rule 12(b)(6) for failure to state a claim on which relief can be granted. The court is deciding the motion on the briefs, without oral argument.

II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [the plaintiff's] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).[2] To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule

___

[2]Because the court is evaluating the adequacy of Hunter's second amended complaint, his November 20, 2024 motion for leave to file a supplemental affidavit is denied.

8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

To plead a breach of contract claim under Texas law a plaintiff must plausibly allege: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

### III

Although only borderline adequate, Hunter's allegations, taken as true and liberally construed, are sufficient to plausibly plead common-law breach of contract under Texas law.

Hunter alleges the existence of several valid contracts. He "provided the initial consideration necessary to open an account in [his] name . . . by applying for membership at [NFCU.]" 2d Am. Compl. ¶ 54. His "application for membership was accepted . . . contractually binding [NFCU] by the Membership Agreement[.]" *Id.* ¶ 55. NFCU "opened accounts in [Hunter's] name . . . and began providing financial services to [him], thereby agreeing to be bound by the terms and conditions, including the rights and obligations outlined in the . . . Credit Card and Membership Agreement." *Id.* ¶ 57. "The credit card accounts ending in 9616 and 9123 are covered by the terms found in the . . . Credit Card Application Disclosure, . . . Credit Card Agreement, . . . Security Interest Specific for Credit Cards Disclosure, . . . Important Disclosures, NFCU Membership Application and . . . Membership Agreement." *Id.* ¶ 63. And "[b]y accepting the credit card offered by [NFCU,

Hunter] entered into a legally binding agreement." *Id.* ¶ 64.

Hunter further alleges that, although he tendered performance, NFCU breached its contracts with him. He tendered payment of his account balance, but NFCU refused to process his payment; and he tendered to NFCU collateral as security for his credit account, but NFCU failed to apply the proceeds of this collateral to his account balance. And NFCU breached its contractual duties to: "confirm [Hunter's] status as the Beneficial Owner, Agent and Authorized Representatives for all accounts in [his] name[,]" *id.* ¶ 152; respond to Hunter's "valid tender of payment when properly presented[,]" *id.* ¶ 153; "apply the setoff against [Hunter's] credit card accounts[,]" *id.* ¶ 154; and exercise good faith and fair dealing in responding to Hunter's dispute resolution efforts.

Finally, Hunter alleges that he sustained damages as a result of NFCU's breach. In particular, he suffered "financial losses, including . . . [l]oss of credit availability, [i]mpact on [his] business and personal financial standing[, and] [o]ut-of-pocket expenses[.]" *Id.* ¶¶ 218-19.

Although these allegations are only borderline adequate, the court concludes that, taken as true and liberally construed, they are sufficient to enable the court to draw the reasonable inference that NFCU breached a contract with Hunter. *See, e.g.*, *Hunter v. Navy Fed. Credit Union*, 2024 WL 3094610, at *6 (N.D. Tex. June 20, 2024) (Fitzwater, J.) (declining to dismiss "borderline" breach of contract claim at motion to dismiss stage); *TM Boyce Feed & Grain, LLC v. nVenia, LLC*, 2024 WL 4031501, at *10 (N.D. Tex. Sept. 3, 2024) (Boyle, J.) (same).

IV

In NFCU's brief, it again raises the concern that Hunter may be employing generative artificial intelligence to draft his documents. NFCU complains that Hunter's second amended complaint does not contain the notation required by N.D. Tex. Civ. R. 7.2(f)(1) regarding "Use of Generative Artificial Intelligence," and it "requests that if [Hunter] is employing generative A.I., that [he] be required to comply with the Local Rules, be counseled on the dangers of using generative A.I., and be counseled on this Court's requirements of candor to the tribunal." D. Mot. Dis. (ECF No. 25) at 7 n.1.

At the outset, the court notes that Rule 7.2(f)(1) does not apply to Hunter's second amended complaint; it applies to briefs. So Hunter did not violate Rule 7.2(f)(1) when he failed to disclose the use, if any, of generative artificial intelligence in preparing his second amended complaint.

That said, the court calls to Hunter's attention the provisions of Rule 7.2(f) that do apply to briefs. If he is using generative artificial intelligence to prepare a brief, he must disclose this fact in the manner that Rule 7.2(f)(1) requires.

The court declines at this time to counsel Hunter on the dangers of using generative artificial intelligence or on this court's requirements of candor to the tribunal, without prejudice to doing so if the circumstances later warrant such counseling or other relief.

\* \* \*

For the reasons explained, the court denies NFCU's October 17, 2024 motion to dismiss. Hunter's November 20, 2024 motion for leave to file a supplemental affidavit is

also denied.

**SO ORDERED**.

November 26, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE