IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HENRY LEE HUNTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:24-CV-0788-D |
| | § | |
| NAVY FEDERAL CREDIT UNION, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this breach of contract action by *pro se* plaintiff Henry Lee Hunter ("Hunter") against defendant Navy Federal Credit Union ("NFCU"), Hunter moves under Fed. R. Civ. P. 12(f) to strike three of NFCU's affirmative defenses. For the reasons that follow, the court denies the motion.

I

The relevant background facts of this case are largely set out in two prior memorandum opinions and orders and need not be repeated at length for purposes of deciding Hunter's motion to strike.[1] After the court denied NFCU's motion to dismiss Hunter's second amended complaint, NFCU filed its answer. NFCU pleads seven affirmative defenses: (1) failure to state a claim; (2) failure to mitigate damages; (3) no claim

---

[1] *Hunter v. Navy Fed. Credit Union*, 2024 WL 3094610, at *1-2 (N.D. Tex. June 20, 2024) (Fitzwater, J.); *Hunter v. Navy Fed. Credit Union*, 2024 WL 4244543, at *1-2 (N.D. Tex. Sept. 19, 2024) (Fitzwater, J.).

- 1 -

for punitive damages; (4) no injury or damages; (5) waiver and/or estoppel; (6) bad faith; and (7) right to assert additional defenses. Hunter now moves under Rule 12(f) to strike NFCU's second, fourth, and sixth affirmative defenses. NFCU opposes the motion. The court is deciding the motion on the briefs, without oral argument.

II

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f). The decision to grant a motion to strike is within the court's discretion. *Jacobs v. Tapscott*, 2004 WL 2921806, at *2 (N.D. Tex. Dec. 16, 2004) (Fitzwater, J.), *aff'd on other grounds*, 277 Fed. Appx. 483 (5th Cir. 2008). "Both because striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *Id.* (quoting *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (Cummings, J.)).

III

The court considers initially whether to strike NFCU's second affirmative defense—failure to mitigate damages—as an "insufficient defense."

A

When deciding whether an affirmative defense is an "insufficient defense," the court does not apply the pleading standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See Klein v. Fed. Ins. Co.*, 2014 WL 4476556, at *5 (N.D. Tex. Sept. 11, 2014) (Fitzwater, C.J.). Instead, the court applies the

- 2 -

"fair notice" pleading standard for affirmative defenses set forth in *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). *See, e.g.*, *SEC v. Cuban*, 798 F.Supp.2d 783, 795 n.13 (N.D. Tex. 2011) (Fitzwater, C.J.). To adequately plead an affirmative defense, there must be enough factual particularity to give the plaintiff "fair notice of the nature of the affirmative defense and prevent unfair surprise." *Mary Kay, Inc. v. Dunlap*, 2012 WL 2358082, at *8 (N.D. Tex. June 21, 2012) (Fitzwater, C.J.) (quoting *Cuban*, 798 F.Supp.2d at 795 n.13).

B

In support of its second affirmative defense, NFCU alleges that "Plaintiff's claims fail to the extent that they are barred, in whole or in part, because Plaintiff has failed to mitigate his damages." Ans. (ECF No. 33) at 24. Hunter maintains that this affirmative defense is inadequately pleaded because NFCU "fails to articulate any factual basis for this assertion[,]" and thus "fails to meet the pleading standards under Rule 8." P. Br. (ECF No. 34) at 2. NFCU responds that the mere pleading of the affirmative defense of failure to mitigate is sufficient to give Hunter fair notice, and that the information necessary to plead a factual basis "is squarely in the possession of [Hunter]." D. Resp. (ECF No. 38) at 4.

C

NFCU's second affirmative defense is adequately pleaded. No factual basis is required because merely pleading the name of the affirmative defense of failure to mitigate damages is sufficient to provide Hunter fair notice. *See, e.g.*, *Garcia v. Harris Cnty.*, 2018 WL 6003387, at *2 (S.D. Tex. Nov. 15, 2018) (citation omitted) ("However, merely pleading the name of some affirmative defenses may be sufficient to provide the plaintiff with fair

notice of the defense. Failure to mitigate is one of those defenses."), *overruled on unrelated grounds on reconsideration*, 2019 WL 132382 (S.D. Tex. Jan. 8, 2019); *Tran v. Thai*, 2010 WL 723633, at *2 (S.D. Tex. Mar. 1, 2010) (Rosenthal, J.) ("The failure to mitigate defense, by contrast, is adequately pleaded to inform the plaintiff of the basis. Information necessary to plead more specifically is in the possession of the plaintiffs and others; the defendants can only obtain that information through discovery.").

Accordingly, the court denies Hunter's motion to strike NFCU's second affirmative defense.

IV

The court next considers whether Hunter has established that NFCU's fourth affirmative defense should be stricken as "speculative and redundant."

Hunter contends that NFCU's fourth affirmative defense—that Hunter "has suffered no actual injury or compensable damages from the conduct alleged in his Complaint[,]" Ans. (ECF No. 33) at 25—should be stricken as "speculative and redundant" because it "effectively reargues issues" that the court resolved when it denied NFCU's motion to dismiss the second amended complaint for failure to state a claim on which relief can be granted. P. Br. (ECF No. 34) at 2.

Although Hunter moves to strike NFCU's fourth affirmative defense on a ground that "technically do[es] not fall within any of the bases enumerated in Rule 12(f)," his motion can be "framed in terms of the challenged matter being immaterial, impertinent, or scandalous and thus be brought within the literal text of the [] rule." 5C Charles Alan Wright & Arthur

R. Miller, *Federal Practice and Procedure* § 1383, at 471 (3d ed. 2024).[2] In particular, Hunter appears to contend that NFCU's fourth affirmative defense is impertinent because NFCU is estopped from defending on the ground that Hunter has not suffered an actual injury or compensable damages. *Id.* § 1382 (footnote omitted) ("'[I]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question. . . . One test that has been advanced . . . is whether proof concerning [the challenged matter] could be received at trial.").

NFCU's fourth affirmative defense is not impertinent, however, at least for the reason that NFCU is not estopped from defending on that ground. Hunter's estoppel argument misunderstands the court's denial of NFCU's motion to dismiss Hunter's second amended complaint. The court previously held that the allegations in Hunter's second amended complaint plausibly pleaded common-law breach of contract under Texas law. *See Hunter*

---

[2]The court acknowledges that "redundant" is technically a basis enumerated in Rule 12(f). But it is apparent from Hunter's reasoning that he is not using the term in the Rule 12(f) sense. Matter is "redundant" in the Rule 12(f) sense if it "consists of allegations that constitute a needless repetition of other averments *in the pleading*." 5 Wright & Miller, *supra*, § 1382, at 456 (emphasis added). By contrast, Hunter contends that NFCU's fourth affirmative defense is "redundant" because it needlessly repeats arguments raised and disposed of on Hunter's motion to dismiss the second amended complaint. The court also notes that, even if Hunter intended to use "redundant" in the Rule 12(f) sense, his motion to strike fails because he has not attempted to meet his burden to show either that the alleged redundancy bears no possible relation to the controversy or that its inclusion may cause him prejudice. *See Lopez v. Don Herring Ltd.*, 2018 WL 296063, at *6 (N.D. Tex. Jan. 4, 2018) (Boyle, J.) (quoting *OKC Corp. v. Williams*, 461 F. Supp. 540, 550 (N.D. Tex. 1978) (Higginbotham, J.)) ("A court should grant a 12(f) motion to strike only when 'the matter of which the movant complains bears no possible relation to the controversy or may cause the objecting party prejudice.'").

*v. Navy Fed. Credit Union*, 2024 WL 4895720, at *2 (N.D. Tex. Nov. 26, 2024). But the fact that Hunter adequately *pleaded* his claim does not bar NFCU from defending on the ground that Hunter cannot *prove* his claim. This is so because, whereas at the Rule 12 motion to dismiss stage the court accepted Hunter's allegations as true, Hunter must actually prove these allegations to prevail at trial. *See id.* at *1 (explaining 12(b)(6) standard).

Accordingly, Hunter's motion to strike NFCU's fourth affirmative defense is denied.

V

The court turns last to Hunter's motion to strike NFCU's sixth affirmative defense—bad faith—as an "insufficient defense."

NFCU alleges that it is "entitled to attorneys' fees if the Court determines that Plaintiff has filed an unsuccessful pleading, motion or other paper in bad faith or for the purposes of harassment, as provided by 15 U.S.C. § 1681n[,]" Ans. (ECF No. 33) at 25.[3] Hunter contends that this defense should be stricken as an "insufficient defense" because it is "speculative and unsupported by any factual allegations." P. Br. (ECF No. 34) at 3.

The court need not reach Hunter's contention, however, because the contents of a

---

[3] 15 U.S.C. § 1681n(c), a provision of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, states:

> Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

pleading cannot be stricken as an "insufficient defense" when, as here, they are not a defense at all.[4] "In a diversity case, substantive state law determines what constitutes an affirmative defense." *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014).[5] Texas law, which undisputably applies in this case, defines an affirmative defense as a defense that

> relieve[s] a defendant of liability even if all the elements of the plaintiff's cause of action are established. In effect, the evidence offered to prove such a defense does not rebut the factual propositions uttered by the plaintiff, but instead serves to establish an independent reason for denying the plaintiff any recovery.

*Villanova v. Fed. Deposit Ins. Corp.*, 511 S.W.3d 88, 99 (Tex. App. 2014, no pet.) (cleaned

---

[4]*Cf. Blount v. Johnson Controls, Inc.*, 328 F.R.D. 146, 151 (S.D. Miss. 2018) (denying motion to strike defenses "mislabeled as 'affirmative defenses'" because "Rule 12(f) is not to be used to police the form of a pleading or to correct any misdesignations it might contain"). *But cf. Godo Kaisha IP Bridge 1 v. Telefonaktiebolaget LM Ericsson*, 2022 WL 2055232, at *2 (E.D. Tex. June 6, 2022) ("The Court may strike purported affirmative defenses as 'redundant' or 'immaterial' under Rule 12(f) on the ground that they are not affirmative defenses at all, but mere denials of an element of the plaintiff's prima facie case.").

[5]There is some debate about whether it is mandatory that a federal court sitting in diversity determine what constitutes an affirmative defense by reference to applicable state, as opposed to federal, law. *See* 5 Wright & Miller, *supra*, § 1272, at 654 (explaining that "[t]his path appears to be followed as a matter of policy rather than any mandate in the rule itself or under the compulsion of the Supreme Court's decision in the seminal case of Erie Railroad Company v. Tompkins"). Denying Hunter's motion to strike NFCU's sixth affirmative defense is proper regardless, however, because it is not an affirmative defense under federal or state law. It is not among the eighteen affirmative defenses specified in Rule 8(c)(1). And it does not fall within Rule 8(c)'s residual clause as it generally has been interpreted as a matter of federal law. *See id.* § 1271 ("Generally speaking, [Rule 8(c)'s] reference to 'any avoidance or affirmative defense' encompasses two types of defensive allegations: those that admit the allegations of the complaint but suggest some other reason why there is no right of recovery, and those that concern allegations outside of the plaintiff's prima facie case that the defendant therefore cannot raise by a simple denial in the answer.").

up); *Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 212 (Tex. 1996) ("An affirmative defense does not seek to defend merely by denying the plaintiff's claims, but rather seeks to establish 'an independent reason why the plaintiff should not recover.'"). NFCU's defense that it is entitled to attorney's fees if the court concludes that Hunter has litigated in bad faith does not serve to establish an independent reason for denying Hunter a recovery on his breach of contract claim, but asserts instead a putative basis for granting NFCU an affirmative recovery. *See Villanova*, 511 S.W.3d at 99; *Tex. Beef Cattle Co.*, 921 S.W.2d at 212; *see also Engel v. Teleprompter Corp.*, 732 F.2d 1238, 1240 (5th Cir. 1984) (describing attorney's fees as "relief").

Accordingly, Hunter's motion to strike NFCU's sixth "affirmative defense" is denied.

\* \* \*

For the reasons explained, the court denies Hunter's December 11, 2024 motion to strike.

**SO ORDERED**.

January 16, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE