IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HENRY LEE HUNTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:24-CV-0788-D |
| | § | |
| NAVY FEDERAL CREDIT UNION, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this breach of contract action by *pro se* plaintiff Henry Lee Hunter ("Hunter"), defendant Navy Federal Credit Union ("NFCU") moves for partial summary judgment on one of Hunter's theories of liability, and Hunter moves the court to deny, or defer consideration of, NFCU's partial summary judgment motion, amend the scheduling order to extend the discovery and summary judgment deadlines, and compel discovery and impose sanctions. For the reasons that follow, the court grants NFCU's motion, raises *sua sponte* that summary judgment should also be granted in NFCU's favor on Hunter's alternate theory of liability, and denies Hunter's motions.

I

This lawsuit involves a contractual dispute over the manner in which Hunter could pay the outstanding balance on two consumer credit accounts that he holds with NFCU.[1] When

---

[1]In deciding NFCU's motion for partial summary judgment, the court views the evidence in the light most favorable to Hunter as the summary judgment nonmovant and draws all reasonable inferences in his favor. *See, e.g., Owens v. Mercedes-Benz USA, LLC*,

Hunter opened his credit accounts with NFCU, he entered into a contract with NFCU called the Credit Card Agreement ("Agreement"). Under the Agreement, Hunter covenanted to pay NFCU "the amount of all purchases and cash advances . . . ma[d]e using [his] credit card" and "the total of any interest charges and other charges or fees due on [his] account." D. App. (ECF No. 45) at 3. After Hunter accumulated a balance of nearly $20,000.00, he attempted on four separate occasions between December 2022 and September 2023 to pay his bill with "negotiable instruments." These "negotiable instruments" were his NFCU billing statements with various provisions of the Uniform Commercial Code written on the front and his signature on the back. *Id.* at 46. According to Hunter, his signature represented "acceptance for payment which [NFCU] may draw from [his] cesta que vie trust." *Id.* NFCU rejected payment all four times. And although the Agreement granted NFCU "a security interest in all of [Hunter's] individual and joint share accounts at Navy Federal. . . , [which] may be used to pay all of part of [the balance if the loan becomes delinquent]," *id.* at 3, NFCU did not use Hunter's other accounts to pay his credit balance.

In April 2024 Hunter sued NFCU for breach of contract.[2] His operative, second

---

541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

[2]The court need not recount the procedural history of this case, which is largely set out in three prior memorandum opinions and orders. *See Hunter v. Navy Fed. Credit Union*, 2024 WL 3094610, at *1-2 (N.D. Tex. June 20, 2024) (Fitzwater, J.); *Hunter v. Navy Fed. Credit Union*, 2024 WL 4244543, at *1-2 (N.D. Tex. Sept. 19, 2024) (Fitzwater, J.); and *Hunter v. Navy Fed. Credit Union*, 2024 WL 4895720, at *1 (N.D. Tex. Nov. 26, 2024) (Fitzwater, J.).

amended complaint asserts two theories of liability. Under the "negotiable instrument theory," Hunter contends that NFCU breached the Agreement by refusing to accept as payment his "negotiable instruments." And under the "security interest theory," Hunter contends that NFCU breached the Agreement by failing to use his individual or joint share accounts to pay all of part of his delinquency. NFCU now moves under Fed. R. Civ. P. 56 for partial summary judgment on the negotiable instrument theory.[3] Hunter does not oppose the motion, but maintains that it is premature because NFCU has not fully complied with his discovery requests. Hunter therefore moves the court under Rule 56(d) to deny, or defer consideration of, NFCU's partial summary judgment motion, under Rule 16(b) to amend the scheduling order to extend the discovery and summary judgment deadlines,[4] and under Rule 37 to compel discovery and issue sanctions. Hunter also moves for leave to file a surreply. NFCU opposes the motions. In all, there are six pending motions, which the court is now deciding on the briefs, without oral argument.[5]

---

[3]Although NFCU's motion is styled as a motion for summary judgment, it is properly construed as a motion for partial summary judgment because it only addresses one of Hunter's two theories of liability.

[4]Hunter has filed two motions to amend the scheduling order. On February 24, 2025 Hunter moved to amend the scheduling order to extend the discovery deadline. On February 26, 2025 Hunter moved to amend the scheduling order to extend the discovery and summary judgment deadlines. Because it is apparent that Hunter intended for the second motion to supersede the first, the court denies as moot Hunter's February 24, 2025 motion to amend.

[5]The motions are: (1) Hunter's February 24, 2025 motion to extend discovery deadline; (2) NFCU's February 25, 2025 motion for summary judgment; (3) Hunter's February 26, 2025 amended motion to extend discovery deadline and summary judgment; (4) Hunter's February 26, 2025 motion to stay or deny defendant's motion for summary judgment under Rule 56(d) and TRCP 166a(g); (5) Hunter's March 2, 2025 motion to compel

II

The court first considers whether to deny or defer consideration of NFCU's motion for partial summary judgment under Rule 56(d).

"Rule 56(d) functions as a safe harbor that has been built into the rules so that summary judgment is not granted prematurely." *State Farm Fire & Cas. Co. v. Whirlpool Corp.*, 2011 WL 3567466, at *2 (N.D. Tex. Aug. 15, 2011) (Fitzwater, C.J.) (citing *Union City Barge Line v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987)). The Rule states:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify [his] opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Rule 56(d).

To obtain relief under Rule 56(d), the summary judgment nonmovant must present by affidavit or declaration "a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Kean v. Jack Henry & Assocs., Inc.*, 577 Fed. Appx. 342, 348 (5th Cir. 2014) (per curiam) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). A summary judgment "nonmovant is not entitled to a continuance if [he] 'fail[s] to explain what discovery [he] did

---

discovery, request for adverse inference, motion for sanctions, and request for costs & reasonable attorney fees; and (6) Hunter's March 13, 2025 motion for leave to file surreply.

have, why it was inadequate, and what [he] expected to learn from further discovery'" and instead gives only "vague assertions of the need for additional discovery." *State Farm Fire & Cas. Co.*, 2011 WL 3567466, at *2 (quoting *Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999)). The court may grant or deny a Rule 56(d) motion within its "sound . . . discretion." *Winfrey v. San Jacinto Cnty.*, 481 Fed. Appx. 969, 983 (5th Cir. 2012).

Hunter has not met his burden. In his supporting declaration, Hunter avers that

> [NFCU] has not produced: The full account ledger for accounts ending in 9616 and 9123, which would show how payments were applied. Internal communications and email correspondence related to Plaintiff's payments and the alleged breach of contract. Documents showing whether NFCU applied Plaintiff's security interest proceeds or improperly rejected them. Regulatory communications between NFCU and agencies such as the CFPB regarding its handling of my accounts.

Decl. (ECF No. 47-1) at 2, ¶ 3. He maintains that he "require[s] account records, fee schedules, and internal memos to demonstrate NFCU's failure to apply payments correctly and honor its contractual obligations." *Id.* at 2, ¶ 5. Hunter also contends that "[d]ocuments regarding whether NFCU provided valid consideration when [his] accounts were opened will prove the agreements were unenforceable." *Id.* at 3, ¶ 5.

Even if the court assumes *arguendo* that these assertions demonstrate with reasonable specificity what facts additional discovery would produce, they do not demonstrate how these facts would influence the outcome of NFCU's pending partial summary judgment motion. This is so because, as the court explains *infra* at § III(C), Hunter's "negotiable instrument theory" fails because no reasonable jury could find that Hunter performed or tendered

performance under the contract. The records of Hunter's payment attempts reflect that he offered only billing/coupon statements, which plainly do not qualify as payments made in U.S. dollars. And as the court explains *infra* at § IV(B), under the unambiguous terms of the Agreement, NFCU's failure to use Hunter's individual or joint share accounts to pay all or part of his delinquency does not constitute a failure to perform or tender performance as contractually required, so Hunter's "security interest theory" fails. Therefore, regardless of the discovery that Hunter says he needs, no reasonable jury could find based on this discovery that Hunter is entitled to prevail on one or both of his breach of contract theories.

Accordingly, Hunter's motion for denial or deferral of NFCU's partial summary judgment motion is denied.

### III

The court now turns to NFCU's motion for partial summary judgment.

### A

As a threshold matter, the court concludes that NFCU's motion for partial summary judgment should be treated as unopposed. This is so because, although Hunter has moved for Rule 56(d) relief, his briefing nowhere attempts to refute the substance of NFCU's motion. *See Vedol v. Jacobs Ent., Inc.*, 436 Fed. Appx. 409, 410 (5th Cir. 2011) (per curiam) (explaining that district court did not abuse its discretion in granting motion for summary judgment as unopposed where nonmovant filed ex parte motion to continue hearing, but "failed to file any substantive response to [the summary judgment] motion").

Although NFCU's motion is unopposed, "[a] motion for summary judgment cannot

be granted simply because there is no opposition . . . . The movant has the burden of establishing the absence of a genuine issue of material fact[.]" *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). The district court may "accept[][] as undisputed the facts so listed in support of [the] motion for summary judgment." *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (addressing unopposed summary judgment motions). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A disputed fact is material if it 'might affect the outcome of the suit under the governing law.'" *Allen v. United States Postal Serv.*, 63 F.4th 292, 300 (5th Cir. 2023) (quoting *Anderson*, 477 U.S. at 248). When, as here, a party moves for summary judgment on a claim on which the opposing party will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to either admissible evidence that negates the nonmovant's claim, or the absence of admissible evidence to support the nonmovant's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

B

Under Texas law, which undisputably applies in this case, "[b]reach of contract requires pleading and proof that (1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as contractually required; and (4) the plaintiff sustained damages due to the breach." *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*,

574 S.W.3d 882, 890 (Tex. 2019); *see also Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (applying Texas law). NFCU maintains that it is entitled to judgment as a matter of law because there is no genuine dispute of material fact about whether Hunter did not perform or tender performance as contractually required. "To prove that [he] performed or tendered performance of [his] own contractual obligations, a plaintiff must demonstrate that [he] complied with the contract's provisions." *M7 Cap. LLC v. Miller*, 312 S.W.3d 214, 222 (Tex. App. 2010, pet. denied).

C

Viewing the evidence in the light most favorable to Hunter and drawing all reasonable inferences in his favor, the court concludes that NFCU has met its summary judgment obligation to point to admissible evidence that negates that Hunter performed or tendered performance under the Agreement. NFCU cites the Agreement and records of Hunter's various attempts at payment. In pertinent part, the Agreement states that "[Hunter] agree[s] to pay [NFCU] the amount of all purchases and cash advances [made using his credit card, as well as]. . . .the total of any interest charges and other charges or fees due on [his] account," and that "[a]ll payments must be made in U.S. dollars." D. App. (ECF No. 45) at 3. Yet, the records of Hunter's payment attempts reflect that he offered only billing/coupon statements, which plainly do not qualify as payments made in U.S. dollars.[6] Accordingly,

---

[6]NFCU suggests that Hunter's efforts to pay his outstanding balance with billing/coupon statements is best understood by reference to the so-called "redemption theory." D. Br. (ECF No. 44) at 10. According to the theory's proponents, the government holds title to each citizen's birth certificate and, under the Uniform Commercial Code,

no reasonable jury could find that Hunter performed or tendered performance under the contract. NFCU is therefore entitled to partial summary judgment on Hunter's negotiable instrument theory.

IV

In light of the court's ruling granting NFCU's motion for partial summary judgment on the negotiable instrument theory, Hunter's only remaining theory of liability is the security interest theory. *See Hunter III*, 2024 WL 4895720, at *2 (concluding that Hunter plausibly alleged that NFCU breached its contracts with him when "[h]e tendered payment of his account balance, but NFCU refused to process his payment; and he tendered to NFCU collateral as security for his credit account, but NFCU failed to apply the proceeds of this collateral to his account balance"). The court raises *sua sponte* that NFCU is also entitled to summary judgment on the security interest theory.

A

The court can raise a ground for summary judgment *sua sponte*, provided it affords the opposing party notice and a fair opportunity to respond. *See, e.g., Celotex*, 477 U.S. at

---

citizens can "redeem" the value of their birth certificates from the United States Treasury Department by creating "money orders and sight drafts drawn on" "fictitious 'Treasury Direct Accounts[.]'" *McClain v. I-10 Mac Haik CDJR Ltd.*, 2023 WL 361554, at *1 (S.D. Tex. Jan. 23, 2023); *see also United States v. Allison*, 264 Fed. Appx. 450, 452 (5th Cir. 2008) (per curiam). NFCU therefore suggests that Hunter attempted to pay his outstanding balance with coupons that drew on his "Treasury Direct Account." To the extent Hunter relies on this theory, the court rejects it as "indisputably meritless." *McClain*, 2023 WL 361554, at *3; *see also, e.g.*, *Hennis v. Trustmark Bank*, 2010 WL 1904860, at *5 (S.D. Miss. May 10, 2010) (collecting cases).

326 (1986); *Arkwright-Boston Mfrs. Mut. Ins. Co. v. Aries Marine Corp.*, 932 F.2d 442, 445 (5th Cir. 1991); *Nunn v. State Farm Mut. Auto. Ins. Co.*, 729 F.Supp.2d 801, 810 (N.D. Tex. 2010) (Fitzwater, C.J.); 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2720.1, at 356-65 (4th ed. 2024). Here, the court raises *sua sponte* that NFCU is entitled to summary judgment on the security interest theory because it is apparent from the balance of the briefing that the further discovery requested by Hunter would be futile.

B

Hunter maintains that the court should extend the discovery deadline and compel NFCU to produce "key evidence" that supports the security interest theory, such as "[f]ull and unaltered account ledgers, reconciliations, and transaction histories for [his] accounts" and "[a]ll internal NFCU communications concerning [his] payments, security interests, and account disputes." P. Mot. (ECF No. 48) at 3. But even if further discovery produced unassailable proof that NFCU failed to use Hunter's individual or joint share accounts to pay all of part of his delinquency, NFCU would be entitled to judgment as a matter of law on the security interest theory because such an omission unquestionably does not constitute a breach of the Agreement.

Under Texas law, "[b]reach of contract requires pleading and proof that," *inter alia*, "the defendant breached the contract by failing to perform or tender performance as contractually required." *Pathfinder Oil & Gas*, 574 S.W.3d at 890; *see also Smith Int'l*, 490 F.3d at 387. "When a contract is unambiguous we will enforce it as written." *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 862 (Tex. 2000); *see also In re Davenport*,

522 S.W.3d 452, 457-58 (Tex. 2017); *Kern v. Sitel Corp.*, 517 F.3d 306, 309 (5th Cir. 2008) (citing *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983)).  Under Hunter's security interest theory, NFCU breached the Agreement by failing to use Hunter's individual or joint share accounts to pay all of part of his delinquency.  But under the unambiguous terms of the Agreement, that supposed omission does not constitute a failure "to perform or tender performance as contractually required." *Pathfinder Oil & Gas*, 574 S.W.3d at 890.  In pertinent part, the Agreement states:

> Security Interest Specific for Credit Cards.  You acknowledge and pledge, specifically as a condition of your use of the credit card, that you have voluntarily granted Navy Federal a security interest in all of your individual and joint share accounts at Navy Federal.  If your credit card loan becomes delinquent, this security interest may be used without further notice to pay all or part of such delinquency.  This security interest does not apply to shares in an Individual Retirement Account (IRA).

D. App. (ECF No. 45) at 3.  As written, NFCU "*may* [] use[]" its security interest in Hunter's other NFCU accounts to pay his delinquency, but it is not contractually required to do so.

Accordingly, the court raises *sua sponte* that NFCU is entitled to summary judgment on Hunter's security interest theory of breach of contract.  Because the court has raised this ground *sua sponte*, it grants Hunter leave to file an opposition response, brief, and appendix within 21 days of the date this memorandum opinion and order is filed.  The court will evaluate Hunter's papers before deciding whether to invite NFCU to file a reply brief.

V

Finally, the court considers Hunter's remaining motions. *See supra* note 5 for a list of all of the pending motions.

The court denies Hunter's motions to amend the scheduling order and compel discovery as moot. As the court explains *supra*, further discovery and motion practice would be futile because NFCU is entitled to judgment as a matter of law on the grounds that Hunter did not perform his obligation to pay his bill in U.S. dollars and NFCU owed no contractual duty to pay his bill using its security interest in his other NFCU accounts.

The court also denies Hunter's motion to impose Rule 37 sanctions.[7] In light of the court's dismissal of Hunter's sole claim, the non-monetary sanctions requested by Hunter are no longer pertinent. *See* P. Mot. (ECF No. 48) at 3-4 (requesting, e.g., adverse inference and striking of pleadings). And the requested monetary sanctions are unavailable to Hunter as a *pro se* litigant. *See McLean v. Int'l Harvester Co.*, 902 F.2d 372, 375 (5th Cir. 1990).

Finally, the court denies as moot Hunter's motion for leave to file a surreply.

\* \* \*

For the reasons explained, the court grants NFCU's February 25, 2025 motion for partial summary judgment, raises *sua sponte* that summary judgment should be granted in NFCU's favor on Hunter's alternate theory of liability, and denies Hunter's February 26, 2025 motion to deny, or defer consideration of, NFCU's motion for partial summary

---

[7]The court expresses no view on whether sanctions would otherwise be appropriate.

judgment, February 24 and 26, 2025 motions to amend the scheduling order, March 2, 2025 motion to compel discovery and issue sanctions, and March 13, 2025 motion for leave to file a sur-reply. The court grants Hunter 21 days from the date this memorandum opinion and order is filed to file an opposition response, brief, and appendix that addresses the ground on which the court has raised summary judgment *sua sponte*.

**SO ORDERED**.

March 20, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE