IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HENRY LEE HUNTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:24-CV-0788-D |
| | § | |
| NAVY FEDERAL CREDIT UNION, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this breach of contract action by *pro se* plaintiff Henry Lee Hunter ("Hunter") against defendant Navy Federal Credit Union ("NFCU"), the court granted partial summary judgment dismissing Hunter's negotiable instrument theory of breach of contract, raised *sua sponte* that summary judgment should be granted dismissing Hunter's alternate security interest theory of breach of contract, and granted Hunter the opportunity to file an opposition response that addressed granting summary judgment dismissing his security interest theory of breach of contract. *Hunter v. Navy Fed. Credit Union*, 2025 WL 875486, at *3-5 (N.D. Tex. Mar. 20, 2025) (Fitzwater, J.) ("*Hunter V*"). Although Hunter then filed an opposition response, he did so in the form of a motion to reconsider under Fed. R. Civ. P. 59(e) and 60(b). For the reasons that follow, the court denies Hunter's motion, grants summary judgment in favor of NFCU on the ground that the court raised *sua sponte*, and dismisses this action with prejudice by judgment filed today.

I

The court construes Hunter's "motion to reconsider" as his opposition response to the court's intention, raised *sua sponte*, to grant summary judgment dismissing his security interest breach of contract theory.  Although styled as a motion for relief from a final judgment under Rules 59(e) and 60(b), the motion functionally seeks reconsideration of the court's interlocutory ruling in *Hunter V*.  *See GeoSouthern Energy Corp. v. Chesapeake Operating, Inc.*, 241 F.3d 388, 391 (5th Cir. 2001) (quoting *Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 204 (1999)) (cleaned up) ("Decisions are final only when they 'end the litigation on the merits and leave nothing for the court to do but execute the judgment.'"); *see also Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316 (1988) (explaining that court may construe improperly styled paper according to its functional equivalent); *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996) (per curiam) (instructing district courts to liberally construe *pro se* filings).  Although Hunter's motion for relief from an interlocutory ruling would ordinarily be construed as a Rule 54(b) motion, *see Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (per curiam), in this context it is better treated as an opposition response to the ground for summary judgment that the court raised *sua sponte*, *see Powell v. United States*, 849 F.2d 1576, 1579 (5th Cir. 1988) ("Since a summary judgment forecloses any future litigation of a case the district court must give proper notice to insure that the nonmoving party had the opportunity to make every possible factual and legal argument."); *Hunter V*, 2025 WL 875486, at *5 ("The court grants Hunter 21 days from the date this memorandum opinion and order is filed to file an opposition response, brief, and

appendix that addresses the ground on which the court has raised summary judgment *sua sponte*."); *see also Austin*, 864 F.3d at 337 (describing Rule 54(b) inquiry as "flexible" and "reflecting the 'inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires'").

II

The court concludes that Hunter has not met his burden to demonstrate that summary judgment should not be granted on the ground that the court raised *sua sponte*.

When, as here, a court raises a ground for summary judgment *sua sponte* and grants the adverse party leave to file a response, the adverse party has the burden to demonstrate why summary judgment should not be granted on that ground. *See Powell*, 849 F.2d at 1578. In *Hunter V* the court raised *sua sponte* that summary judgment should be granted in NFCU's favor on Hunter's security interest theory of breach of contract. The court reasoned that, under the plain terms of the Credit Card Agreement, NFCU's supposed failure to apply the proceeds from Hunter's collateral accounts to his credit card delinquency did not constitute a breach. *Hunter V*, 2025 WL 875486, at *5. Construed liberally, Hunter's brief contends that summary judgment is improper because a reasonable jury, if faced with certain extrinsic evidence, could understand the Credit Card Agreement's "security interest clause" to require NFCU to apply the proceeds of his collateral accounts to his credit card delinquency. P. Mot. (ECF No. 54) at 5-6.

This argument lacks merit. Texas law, which undisputably applies in this case, enforces unambiguous contracts "as written." *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22

- 3 -

S.W.3d 857, 862 (Tex. 2000); *see also In re Davenport*, 522 S.W.3d 452, 457-58 (Tex. 2017); *Kern v. Sitel Corp.*, 517 F.3d 306, 309 (5th Cir. 2008) (citing *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983)).  Under the Credit Card Agreement, "NFCU '*may* [] use[]' its security interest in Hunter's other NFCU accounts to pay his delinquency, but it is not contractually required to do so."  *Hunter V*, 2025 WL 875486, at *5.  And even assuming *arguendo* that extrinsic evidence could defeat this unambiguous language, Hunter has not met his summary judgment burden either to produce such evidence, or to persuade the court that it should defer consideration of the ground that it raised *sua sponte* because additional discovery is needed.  *See Kean v. Jack Henry & Assocs., Inc.*, 577 Fed. Appx. 342, 348 (5th Cir. 2014) (per curiam) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)) (explaining that party seeking deferral of summary judgment ruling must present by affidavit or declaration "a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion").

### III

Finally, the court rejects Hunter's various challenges to the court's authority to grant summary judgment on a ground that it raises *sua sponte*.  His arguments are plainly without merit.

Upon proper notice, which Hunter undisputably received, the court can grant summary judgment in NFCU's favor *sua sponte*, without violating due process or judicial ethics.  With regard to the court's general authority to grant summary judgment *sua sponte*, *see, e.g.*, Rule

56(f); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence."); *Arkwright-Bos. Mfrs. Mut. Ins. Co. v. Aries Marine Corp.*, 932 F.2d 442, 445 (5th Cir. 1991) ("[D]istrict courts can definitely grant summary judgment *sua sponte*, upon proper notice to the adverse party."); 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2720.1, at 356-65 (4th ed. 2024) ("[T]he rulemakers in the 2010 revision of Rule 56 added a new subdivision (f) explicitly providing that after notice and a reasonable time to respond, the court may grant summary judgment for a nonmovant or on grounds not raised by a party, or it may consider summary judgment on its own if it identifies for the parties the material facts that may not be genuinely in dispute.").

Nor does a court violate due process when it grants summary judgment *sua sponte* after providing the adverse party a fair opportunity to be heard. *See Echavarria v. Pitts*, 641 F.3d 92, 94 (5th Cir. 2011) (explaining that due process requires notice and the opportunity to be heard), *as revised* (June 21, 2011); *Powell*, 849 F.2d at 1579 ("Since a summary judgment forecloses any future litigation of a case the district court must give proper notice to insure that the nonmoving party had the opportunity to make every possible factual and legal argument."); *Hunter V*, 2025 WL 875486, at *5 (granting Hunter "21 days . . . to file an opposition response, brief, and appendix that addresses the ground on which the court has raised summary judgment *sua sponte*").

Nor does a judge act unethically when granting summary judgment *sua sponte* after

providing fair notice to the adverse party. *See* Code of Conduct for United States Judges, 175 F.R.D. 363, 367, Canon 3(A)(1) (1998) ( "A judge should be faithful to[] . . . the law[.]"); *id.* at 367, Canon 3(A)(4) (emphasis added) ("A judge should accord to every person who has a legal interest in a proceeding[] . . . the full right to be heard *according to law*."); *id.* at 367, Canon 3(A)(5) ("A judge should dispose promptly of the business of the court."); *id.* at 370, Canon 3 cmt. Canon 3(A)(5) ("In disposing of matters promptly, efficiently and fairly, a judge must demonstrate due regard for the rights of the parties to be heard and to have issues resolved without unnecessary cost or delay. A judge should monitor and supervise cases so as to reduce or eliminate dilatory practices, avoidable delays and unnecessary costs.").

Accordingly, the court grants summary judgment in NFCU's favor on Hunter's security interest theory of breach of contract on the ground that the court raised *sua sponte* in *Hunter V*.

\* \* \*

For the reasons explained in *Hunter V* and this memorandum opinion and order, the court denies Hunter's April 7, 2025 motion to reconsider and grants summary judgment on the ground that the court raised *sua sponte*. Having granted summary judgment dismissing both of Hunter's theories of breach of contract, the court dismisses this action with prejudice

- 6 -

by judgment filed today.

      **SO ORDERED**.

      April 10, 2025.

SIDNEY A. FITZWATER
SENIOR JUDGE

- 7 -